IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL BY THE OIL RIG<br>            "DEEPWATER HORIZON" IN THE<br>            GULF OF MEXICO, ON APRIL 20, 2010<br><br>            Applies to:  *All Cases*<br><br>. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | MDL NO. 2179<br>SECTION:  J<br>JUDGE BARBIER<br>MAG. JUDGE SHUSHAN |

**HALLIBURTON ENERGY SERVICES, INC.'S
MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL
THE BP PARTIES' DISCOVERY RESPONSES**

Pursuant to Rules 26, 33, 34, 36, and 37 of the Federal Rules of Civil Procedure and Local Rule 7.4, Halliburton Energy Services, Inc. ("HESI") files its memorandum in support of its Motion to Compel the BP Parties' ("BP") Discovery Responses as follows.

### I.     PROCEDURAL HISTORY

In addition to the correspondence attached as exhibits to Halliburton Energy Services Inc's Motion to Compel the BP Parties' Discovery Responses ("HESI's Motion"), the parties have conducted multiple telephone meet-and-confer conference calls.  *See* HESI's Motion at 2. Although HESI and BP have resolved some issues and continue to work towards additional agreements relating to BP's discovery responses, BP has still failed to respond to certain discovery requests.

### II.     ARGUMENTS AND AUTHORITY

Parties are entitled to the discovery of non-privileged information that is relevant to the party's claims or defenses.  *See* FED. R. CIV. P. 26(b).  Accordingly, HESI seeks to discover non-privileged information from BP that is reasonably calculated to lead to admissible evidence with

HALLIBURTON ENERGY SERVICES, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL
THE BP PARTIES' DISCOVERY RESPONSES – PAGE 1

1735340 v1-24010/0002 PLEADINGS

respect to HESI's defenses and cross-claims. *See* FED. R. CIV. P. 26(b); *see, e.g., Fahner v. Wayne Cnty.*, No. 08-CV-14344, 2009 U.S. Dist. LEXIS 112167, at *9 (E.D. Mich. Dec. 3, 2009) (allowing plaintiff's counsel the right to inspect defendant's staff register at a county health care unit); *Woods v. Kraft Foods, Inc.*, No. CVF-05-1587, 2006 U.S. Dist. LEXIS 73126, at *8-*9 (E.D. Cal. Sept. 22, 2006) (holding that "the Court may order discovery of any matter relevant to the subject matter involved in the action").  Despite HESI's repeated efforts to obtain complete and adequate discovery from BP, BP has failed to respond to HESI'S Interrogatories and Requests for Admission ("RFAs"), and failed to provide a complete production of documents requested in HESI's Requests for Production ("RFPs").[1]  Consequently, HESI is forced to file its motion in order to secure appropriate and proper discovery responses from BP.

A. <u>**BP's Deficient Interrogatory Responses**</u>

An interrogatory may relate to any matter that may be inquired into under Rule 26(b), *i.e.,* information reasonably calculated to lead to the discovery of admissible evidence. FED. R. CIV. P. 33(a)(2).  BP must answer each interrogatory "fully in writing under oath." *See* FED. R. CIV. P. 33(b)(3).  Any grounds for objecting to an interrogatory must be stated with specificity.  FED. R. CIV. P. 33(b)(4).  BP's responses as listed below fail to provide the information requested, fail to answer the question asked, or are intentionally incomplete.  Because these "responses" violate the Federal Rules of Civil Procedure, HESI requests that the Court order BP to provide new answers that properly and sufficiently respond to each interrogatory.

**Interrogatory No. 7 – BP negative test protocol and communications.** With this interrogatory, HESI seeks the identification of BP's policies and procedures regarding the design

---

[1] "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4)(a).

HALLIBURTON ENERGY SERVICES, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL
THE BP PARTIES' DISCOVERY RESPONSES – PAGE 2

1735340 v1-24010/0002 PLEADINGS

and interpretation of negative tests, and how those policies are communicated to well site leaders. In its response, BP failed to identify its "policy" or answer the portion of the request regarding how such policy is communicated. BP Interrog. Resp., Ex. 1 at 6-7. The Court should compel BP to provide a new answer that sufficiently and completely responds to this interrogatory.

**Interrogatory No. 8 – Safety steps before underbalancing a well.** This request seeks the identification of the safety steps that BP undertakes before underbalancing a well. BP's response describes *how* the steps are determined, but fails to describe the actual steps as requested. *Id*. at 7-8. The Court should compel BP to provide a new answer that sufficiently and completely responds to this interrogatory.

**Interrogatory No. 17 – When BP learned additives would be used on cement slurry.** HESI requests that BP provide the date on which *BP "first learn[ed]"* that certain additives would be used in the cement slurry at the Macondo Well. *Id*. at 20-21. BP's response simply references an April 15, 2010 proposal (HAL_0126063) and vaguely references unspecified documents. *Id*.; *see* Ex. 12. BP clearly had knowledge of certain additives much earlier. *See* HAL_0024990-0025002, Ex. 14. Accordingly, BP's response is misleading and confusing. The Court should compel BP to provide a new answer that clearly (and truthfully) identifies when BP *"first learn[ed]"* that the additives at issue would be used.

**Interrogatory Nos. 19 & 20 – Safety of cement and stability of foam cement.** BP's response to No. 19 is deficient because it fails to "describe the reasons the cement was unsafe" as requested. BP Interrog. Resp., Ex. 1 at 11. At the parties' August 16 conference, BP stated it would consider amending its answer to No. 20 to explain how allegedly unstable foam and

HALLIBURTON ENERGY SERVICES, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL
THE BP PARTIES' DISCOVERY RESPONSES – PAGE 3

 1735340 v1-24010/0002 PLEADINGS

nitrogen break out could cause the cement to "fail" or to be unsafe. *See id*. at 22-25. BP argues that HESI's request for a complete response is actually an additional request. *See, e.g.*, Aug. 25 Ltr., Ex. 10 at 3. To the contrary, HESI seeks an answer to its original request that BP explain how an unstable cement is "unsafe." The Court should compel BP to provide new answers that sufficiently and completely respond to these interrogatories.

**Interrogatory No. 29 – Factual basis for BP's contentions that it is not fully at fault for the Incident.** BP's response to No. 29 is deficient because it fails to describe the factual basis for any of its contentions regarding fault, specifically including in its response "any contention that other persons or entities are fully or partially at fault and the portions of fault attributable" for the incident. BP Interrog. Resp., Ex. 1 at 35. During meet and confers, HESI informed BP that this interrogatory is similar to BP Interrogatory Nos. 8 and 10, which call for very similar information, and to which HESI responded with specific contentions. Because HESI fairly responded to similar requests from BP in accordance with Rule 36, BP should be compelled to thoroughly respond to HESI's request.

**Interrogatory No. 31 – Disagreements with the Bly Report.** BP refuses to answer this interrogatory, which concerns whether any BP personnel "involved in the investigation and drafting" of the Bly Report (*i.e.*, a limited universe of individuals) disagree with the Report's observations or conclusions. *Id.* at 55-56. The parties conferred on this interrogatory, and HESI provided BP with a narrowed list of findings. *See* Aug. 19 Ltr., Ex. 10 at 3-4. However, BP continues to refuse to answer this interrogatory and should be compelled to do so.

HALLIBURTON ENERGY SERVICES, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL
THE BP PARTIES' DISCOVERY RESPONSES – PAGE 4

1735340 v1-24010/0002 PLEADINGS

B.     **BP's Inadequate Responses to HESI's Requests for Admission**

A large number of BP's responses to HESI's RFAs are completely non-responsive. *See* FED. R. CIV. P. 36(a)(4). For example, on many occasions, BP simply denied the request and inappropriately injected extraneous, surplus information regarding the responsibilities and duties of other parties. Because the requests do not inquire about responsibilities or duties, BP's responses violate Rule 36's requirement to specifically address the substance of the requested admission. *See* FED. R. CIV. P. 36(a) advisory committee's note; *Fisher v. Baltimore Life Ins. Co.*, 235 F.R.D. 617, 623 (N.D. W.Va. 2006) (the denial must "meet the substance of the requested admission"). Accordingly, HESI requests that the Court order BP to provide new answers that specifically address the substance of each request for admission, regardless of any other party's alleged responsibilities or duties.

**RFA No. 5** – HESI asked BP to admit that BP did not authorize HESI to provide more than two mud loggers at a time on the *Deepwater Horizon*. BP responded: "[t]here were multiple instances when there were more than two mud loggers working on the *Deepwater Horizon*." BP RFA Resp., Ex. 2 at 3. BP's response fails to admit or deny that "BP did not *authorize* HESI to provide more than two mud loggers at a time on the Deepwater Horizon." *Id*. at 8 (emphasis added). The Court should compel BP to admit or deny whether or not it *authorized* more than two at a time.

**RFA No. 10** – BP's answer identifies which party BP believes is responsible for well monitoring, but fails to admit or deny HESI's request for admission that the BP well site leader did not notice the kick on March 8, 2010 for approximately 33 minutes. *Id*. at 5. The Court should compel BP to admit or deny the request as stated.

HALLIBURTON ENERGY SERVICES, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL
THE BP PARTIES' DISCOVERY RESPONSES – PAGE 5

1735340 v1-24010/0002 PLEADINGS

**RFAs Nos. 15-24, 37, 41-43** – These requests concern BP's well site leade's awareness, understanding, and acts.  BP's responses provide lengthy, extraneous statements about the responsibilities of HESI or other parties.  *Id*. at 8-14, 22-23.  Because these requests do not inquire about responsibilities, the Court should order BP to provide new answers that admit or deny the RFAs as stated.

**RFAs Nos. 46-47**[2] – HESI asked whether the well site leader's response to notice of a potential influx complied "with BP policy regarding responses to well control events."  *Id.* at 24-26.  In response, BP identified what it believes are other parties' responsibilities, but again, failed to respond to the actual request.  *See id*.  As a result of meet and confers, HESI agreed to clarify that the request refers to any BP policy.  *See* Aug. 19 Ltr., Ex. 10 at 5.  Despite this clarification, BP still refuses to admit or deny the request for admission.  The Court should compel BP to admit or deny whether the response complied with any BP policy regarding well control events.

**RFA No. 53** – HESI asked BP to admit or deny that at no point after 17:00 hours on April 20, 2010, did BP advise HESI of an increase in flow-out.  BP's response references the real time data on standpipe pressure, but this request is about the flow-out sensor.  BP RFA Resp., Ex. 2 at 29-30.  HESI assumes this answer is a typographical error, but BP has failed to amend its response.  The Court should compel BP to admit or deny the request as worded.

**RFA No. 58** – HESI asked BP to admit or deny that "BP did not advise HESI of any situation developing with safety implications after 17:00 hours on April 20, 2010."  BP denied this request, by reasoning that "virtually all actions or activities on the well may potentially have safety implications."  *See id*. at 31-32.  While that may philosophically be true, on April 20,

---

[2] Nos. 46 & 47 are duplicative.  Of course, HESI requests only one complete answer.

HALLIBURTON ENERGY SERVICES, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL
THE BP PARTIES' DISCOVERY RESPONSES – PAGE 6

1735340 v1-24010/0002 PLEADINGS

2010, very real safety situations were actively developing that BP may or may not have advised HESI of after 17:00 hours. BP should be compelled to admit or deny the request as it relates to the specific time period identified.

**RFA Nos. 61-65, 73, 78-80, 85** – These RFAs ask whether BP informed HESI of certain facts, whether BP understood the status of HESI's ability to monitor, whether BP's well site leader could or did monitor, whether certain activities inhibited HESI's ability to monitor, and whether BP made a decision. When responding, BP attempted to qualify its denials with extraneous opinions regarding the responsibilities of mud loggers. *Id*. at 33-35, 38, 40-42, 44. These requests are very specific and do not ask about mud loggers' roles and responsibilities. In addition, HESI does not understand BP's complaint that No. 63 does not specify a time, given that the RFA does specify April 20, 2010. *Id*. at 33. The Court should order that BP provide new answers to these specific requests for admissions and delete surplus language from the new answers.

**RFA Nos. 86-87** – These RFAs ask BP to admit or deny that it is aware of a hydrocarbon sand named "M57B" with a pore pressure of approximately 14.15 ppg, and that this zone of hydrocarbon sand is located in the Macondo Well at a depth of 17,451' to 17,453'. BP denies these RFAs, but admits that it is aware of a sand interval labeled M57B with a pore pressure of 14.15 ppg. *Id.* at 44-45. The Court should order BP to clarify whether the sand interval it is aware of exists at a depth of 17,451' to 17,453'.

**RFA Nos. 89-90** – BP's responses indicate that RFA No. 89 should be admitted, but it is denied. In its response to No. 89, BP denied a readily verifiable fact: Figure 1 at page 54 of BP's Bly Report does not reflect the sand interval known as M57B. *See id*. at 45-46. RFA No.

HALLIBURTON ENERGY SERVICES, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL
THE BP PARTIES' DISCOVERY RESPONSES – PAGE 7

1735340 v1-24010/0002 PLEADINGS

90 asks BP to admit or deny that it identified M57B after April 20, 2010, but BP's response omits any reference to the time limitations. *See id.* The Court should order BP to admit or deny, as requested, whether it identified M57B *after April 20, 2010*.

**RFA No. 91** – BP failed to admit or deny (or even state that it cannot admit or deny) whether it knew about the presence of M57B before the September 8, 2010 release of the Bly Report. *See id.* at 46-47. BP should be compelled to admit or deny that it had such knowledge before September 8, 2010.

**RFA No. 93** – HESI asked BP to admit or deny that, as of the time of the cement job in the production casing, BP claimed that the shallowest sand of which it was aware was the 13.1 ppg sand at approximately 17,788'. BP's comment, in response, regarding the shallowest hydrocarbon sand fails to respond to HESI's specific request regarding BP's *knowledge* at the time of the cement job. In addition, as phrased, it is unclear what exactly BP denied in its response. BP should be compelled to admit or deny the RFA as phrased.

**RFA No. 95** – HESI asked BP to admit or deny that the cement program used at the Macondo Well was designed to place top of cement ("TOC") at approximately 17,260'. BP's answer refers to the MMS standard requiring that top of cement TOC be 500 feet above the uppermost hydrocarbon bearing sand. BP's response to RFA No. 93 states that the uppermost sand is at 17,788'. *Id.* at 48-49. Because 17,788' less 500' is approximately 17,260', it is unclear what BP has denied in this RFA and how BP reached that result given its responses to RFA Nos. 93 and 95. The Court should order BP to clarify its response and clearly answer the request presented.

HALLIBURTON ENERGY SERVICES, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL
THE BP PARTIES' DISCOVERY RESPONSES – PAGE 8

1735340 v1-24010/0002 PLEADINGS

**RFA No. 101** – HESI asked BP to admit or deny that, had the annular cement been designed to cover the shoe at 17,168', a sealed annulus would have been created, which would have increased the risk of casing collapse due to annular pressure build-up ("APB"). BP's statements in its denial regarding the presence of hydrocarbons in the 14.15 ppg sand interval labeled M57B are irrelevant to the APB issue. *Id*. at 52. Therefore, BP's answer is nonresponsive, and the Court should order BP to answer the RFA as requested.

**RFA Nos. 103-108** – HESI asked whether specific sands or zones constitute distinct permeable zones for the purpose of interpreting BP's *Engineering Technical Practice (ETP) GP 10-60 Zonal Isolation Requirements During Drilling Operations and Well Abandonment and Suspension*. BP's reference to the definition of "distinct permeable zone" is confusing and does not clarify or support BP's denials. *Id*. at 53-56. Therefore, BP should be compelled to amend these responses to, as requested, admit or deny whether it believes each described zone or sand meets that definition.

**RFA Nos. 109, 115** – HESI asked BP to admit or deny that the hydrocarbon zones above the "main hydrocarbon zones" were capable of initiating flow into the wellbore, and that the 13.1 ppg sand from which BP believes flow initiated is above the "main hydrocarbon zones." In meet and confers, HESI clarified the typographical errors in these RFAs which defined "main hydrocarbon zone." *See* Aug. 19 Ltr., Ex. 10 at 6. BP failed to supplement its responses as it said it would, and the Court should compel it to do so.

**RFA Nos. 112-114** – These requests ask BP to admit that the initial flow of hydrocarbons came from the 13.1 ppg sands, that the influxing hydrocarbons lightened the hydrostatic column causing the 12.6 ppg sands to flow, and that the conclusion in Appendix G to the Bly Report

HALLIBURTON ENERGY SERVICES, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL
THE BP PARTIES' DISCOVERY RESPONSES – PAGE 9

1735340 v1-24010/0002 PLEADINGS

reflects BP's position that the initial flow of hydrocarbons came from the 13.1 ppg sand. In response, BP denied the requests, but also generally referenced the Bly Report. While one may infer that BP's claim is that the initial flow of hydrocarbons came from the 13.1 ppg sand, the Report does not explicitly so state. *See* BP RFA Resp., Ex. 2 at 57-58. Consequently, BP's answer to No. 112 is unclear, and BP's denial contradicts the citation to the Bly Report. *See id.*, at 57-58. The Report at pages 215 to 216 indicates that BP believes the flow came from the 13.1 ppg sand (also known as M56A). On these grounds, BP should be compelled to clarify its response. As BP's Responses to Nos. 113 and 114 reference its response to 112, those responses should also be clarified.

**RFA No. 131** – BP's response admits only part of the request. *See id.* at 65. The Court should order BP to admit or deny whether the 15 centralizers were what BP ordered (not merely that they were delivered *after* BP placed *an* order).

**RFA Nos. 137-39, 141** – These responses appear to have a typographical error ("the centralizer located there would appropriately centralizer the pipe"). *See id.* at 67-69. In meet and confers, HESI asked BP to amend these typos. *See* Aug. 19 Ltr., Ex. 10 at 6. BP has refused to do so. The Court should order BP to amend its responses to accurately address the requests presented and avoid any confusion.

**RFA Nos. 143-144** – HESI requested that BP admit that it conducted modeling showing that that the top two centralizers run in the production interval of the Macondo Well provided 65% and 40% standoff, respectively, and that BP conducted modeling showing that channeling and poor mud erodibility would be expected across the interval where the top two centralizers were placed in the Macondo Well. BP's responses to these RFAs improperly limit the requests to

HALLIBURTON ENERGY SERVICES, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL
THE BP PARTIES' DISCOVERY RESPONSES – PAGE 10

 1735340 v1-24010/0002 PLEADINGS

the time period before April 20, 2010.  *See* BP RFA Resp., Ex. 2 at 69-70.  The Court should order BP to accurately respond to the request as presented, without time limitations, to address its modeling conducted after April 20, 2010.

**RFA Nos. 158-163** – These admissions regard full returns and lift pressure.  BP's answers merely complain about HESI's job performance and provide that BP "planned" to run a cement bond log when it returned to complete the well at some unspecified later date.  *Id*. at 79-85.  These comments are not responsive to the requests.  The Court should order BP to provide new answers that admit or deny each RFA as requested.

**RFA No. 164** – HESI asked BP to admit that until a cement bond log "or other cement evaluation tool is used," the TOC can only be estimated.  BP's statement that "[t]here are a variety of tools" to determine TOC is contradictory to BP"s initial denial of the request for admission.  *Id*. at 85-86.  The Court should order BP to clarify its answer and to admit or deny as requested.

**RFA No. 165** – HESI asked BP to admit that, unless or until a cement bond log or other cement evaluation tool is used, the location of cement could only be estimated.  BP's answer references the TOC, not the *location* of cement.  *See id*. at 86.  This appears to be a drafting error.  Therefore, BP should be compelled to amend its answer.

**RFA No. 179** – HESI asked BP to admit or deny that BP knew it was not in possession of a foam stability test result for the slurry that was to be used at the time the cement job was commenced.  BP's answer is completely non-responsive and merely complains about HESI's job performance.  *Id*. at 98.  The Court should order BP to provide a new answer that sufficiently responds to this request, specifically as it relates to BP's *knowledge.*

HALLIBURTON ENERGY SERVICES, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL
THE BP PARTIES' DISCOVERY RESPONSES – PAGE 11

 1735340 v1-24010/0002 PLEADINGS

**RFA No. 180** – In response to HESI's request that BP admit or deny that *BP informed HESI* that the cement job was successfully executed, BP answered that "Halliburton informed BP that the cement job was successfully executed." *Id.* at 98-99. BP's failure to admit or deny as requested suggests that BP misunderstood this RFA. However, BP refuses to amend its response. The Court should order BP to amend its answer to accurately and sufficiently respond the specific request presented.

C.    **Communications Regarding GP 10-60**

On July 13, 2010, HESI requested that BP produce all communications relating to its compliance with BP internal policy, GP 10-60. Specifically, Daryl Kellingray testified on June 21, 2011, that he prepared a substantive analysis regarding his interpretation of GP 10-60 in response to Kent Corser's July 17, 2010, request. *See* July 13 Ltr., Ex. 5 at 3. BP has not responded to HESI's request. BP should be compelled to produce such documents or, if all responsive documents have been produced, provide HESI with the Bates ranges assigned to the previously produced, responsive documents.

D.    **Potentially Resolved Issues Regarding BP's Discovery Responses**

BP agreed provide amended responses to Interrogatories Nos. 6, 9, 10, 14, 15, and 30. The parties are continuing to confer and hope to reach agreement on these and other items, but in the interest of expediency, HESI includes an explanation of the status of each as of the filing of this motion and brief, and will seek relief if the issues are not resolved.

**Interrogatory No. 6 – BP wells with a full bottoms up prior to cement job.** HESI asked BP to identify all BP wells wherein BP circulated at least one full bottoms up immediately prior to a final cement job. BP did not respond to this request, claiming the request was, among

HALLIBURTON ENERGY SERVICES, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL
THE BP PARTIES' DISCOVERY RESPONSES – PAGE 12

1735340 v1-24010/0002 PLEADINGS

other objections, overly broad. BP Interrog. Resp., Ex. 1 at 5-6. During a teleconference on August 18, 2011, the parties agreed to consider a mutual agreement to stand down on discovery requests related to non-Macondo wells. HESI is amenable to this agreement, but only if BP continues to stand down.

**Interrogatory No. 9 – Roles and responsibilities of BP's engineers.** HESI requested the roles and responsibilities of BP engineers as they relate to cementing, including the cementing of the production casing in the Macondo Well, and the identification of the BP engineers who had such roles and responsibilities. To the extent that BP has knowledge of the roles and responsibilities of the Macondo engineers regarding cementing, it agreed to supplement its response with such roles and responsibilities. If this information is not available, BP agreed to clearly state the reason(s) such information is not available, and supplement its response with the general roles that BP's engineers have with respect to cementing.

**Interrogatory No. 10 – Pay zones and sands.** HESI requested the identity and description of all pay zones and sands in the Macondo Well and the pore pressures and depth for each. *Id*. at 9. BP provided an "incorrect" chart but has agreed to provide the correct information.

**Interrogatory Nos. 14 & 15 – Blowout preventer.** HESI requested information from BP about the time of each activation of the blowout preventer ("BOP"), a description of the BOP portions actually activated, and an explanation of why the BOP did not prevent the well blowout. BP Interrog. Resp., Ex. 1 at 15-18. BP agreed to provide specific page references to the DNV Report and depositions referenced, and to specifically include any language in its pleadings that is responsive.

HALLIBURTON ENERGY SERVICES, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL
THE BP PARTIES' DISCOVERY RESPONSES – PAGE 13

1735340 v1-24010/0002 PLEADINGS

**Interrogatory No. 30 – Validity of the Bly Report.** This interrogatory concerns the continued validity of the Bly Report's findings. The parties conferred on this interrogatory, and HESI provided BP with a narrowed list of findings. *See* HESI August 19, 2011 Letter, Ex. 10 at 3-4. BP agreed to supplement its response accordingly.

**Request for Production No. 44 – Mud Reports.** HESI requested the production of "all mud reports for the Macondo Well, including but not limited to, all Fann 70 reports." BP agreed to "search and produce any non-privileged mud static gel strength reports that can be located through a reasonable investigation . . ." *See* Aug. 25 Ltr., Ex. 10 at 4. Ex. Deposition Exhibit 1814 reveals that Fann 70 data exists for the Macondo Well. Ex. 13. In light of Exhibit 1814, HESI's request is not limited to reports, and it requests the production of all data associated with any such reports or mud testing.

### III.   CONCLUSION AND PRAYER

BP has failed to provide complete and accurate responses to HESI's discovery requests. Instead, BP deflected questions by injecting side issues, propounded answers to questions not asked, and referred HESI to the Bly Report and other documents even while it refuses to affirm or deny the accuracy of those documents. HESI respectfully asks the Court to issue an order compelling BP to fully and completely respond to the discovery requests identified above, in accordance with Rules 26, 33, 34 and 36 of the Federal Rules of Civil Procedure. HESI further requests all other relief to which it is entitled.

HALLIBURTON ENERGY SERVICES, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL
THE BP PARTIES' DISCOVERY RESPONSES – PAGE 14

1735340 v1-24010/0002 PLEADINGS

Respectfully Submitted,

**GODWIN RONQUILLO PC**

**By:** /s/ *Donald E. Godwin, T.A.*
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
dgodwin@GodwinRonquillo.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
bbowman@GodwinRonquillo.com
Jenny L. Martinez
State Bar No. 24013109
jmartinez@GodwinRonquillo.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
fhartley@GodwinRonquillo.com
Gavin E. Hill
State Bar No. 00796756
ghill@GodwinRonquillo.com
Renaissance Tower
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: 214.939.4400
Facsimile: 214.760.7332

and

R. Alan York
State Bar No. 22167500
AYork@GodwinRonquillo.com
Jerry C. von Sternberg
State Bar No. 20618150
JVonSternberg@GodwinRonquillo.com
Misty Hathaway-Coné
State Bar No. 24032277
MCone@GodwinRonquillo.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone: 713.595.8300
Facsimile: 713.425.7594

**ATTORNEYS FOR DEFENDANT HALLIBURTON ENERGY SERVICES, INC.**

HALLIBURTON ENERGY SERVICES, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL
THE BP PARTIES' DISCOVERY RESPONSES – PAGE 15

1735340 v1-24010/0002 PLEADINGS

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing document, Defendant Halliburton Energy Services, Inc.'s Motion to Compel BP's Discovery Responses, has been served on all Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, on this 29th day of August.

                                        /s/  Donald E. Godwin
                                        Donald E. Godwin

HALLIBURTON ENERGY SERVICES, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL
THE BP PARTIES' DISCOVERY RESPONSES – PAGE 16

1735340 v1-24010/0002 PLEADINGS