UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Aug 10, 2010

FILED
CLERK'S OFFICE

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON"
IN THE GULF OF MEXICO, ON APRIL 20, 2010   MDL No. 2179

**TRANSFER ORDER**

    **Before the entire Panel**[*]: Before the Panel are four motions that collectively encompass 77 actions: 31 actions in the Eastern District of Louisiana, 23 actions in the Southern District of Alabama, ten actions in the Northern District of Florida, eight actions in the Southern District of Mississippi, two actions in the Western District of Louisiana, two actions in the Southern District of Texas, and one action in the Northern District of Alabama, as listed on Schedule A.[1]

    The background of this docket is well known. On April 20, 2010, an explosion and fire destroyed the Deepwater Horizon offshore drilling rig approximately 130 miles southeast of New Orleans and approximately 50 miles from the Mississippi River delta. The explosion killed eleven of the 126 workers on the rig, which eventually sank in approximately 5,000 feet of water. Through mid-July, crude oil gushed from the site in unprecedented amounts. Although the leaking well is now capped, the spill's effects are widespread, with oil reported to have come ashore in Louisiana, Mississippi, Alabama, Florida, and, most recently, Texas. Its full impact on the lives and livelihoods of tens of thousands of Americans, especially those living in or near the Gulf of Mexico, is as yet undetermined.

I.

    Plaintiffs in the Eastern District of Louisiana *Cooper* and *Rodrigue* actions have separately moved, pursuant to 28 U.S.C. § 1407, to centralize these actions in the Eastern District of Louisiana, while plaintiff in the Eastern District of Louisiana *Nova Affiliated* action and common defendant BP Exploration & Production Inc. (BP) have separately moved for centralization in the Southern District of Texas.

---

    [*]    Judge Damrell took no part in the disposition of this matter.

    [1]    The Panel has been notified of more than 200 additional related actions. Those actions and any other related actions are potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

Dozens of parties submitted responses to the four motions. Almost all responding parties support centralization. Responding defendants all favor centralization in the Southern District of Texas, whereas the positions of responding plaintiffs are more varied with respect to an appropriate transferee district. While many plaintiffs support centralization in the Eastern District of Louisiana,[2] other plaintiffs argue in favor of selection of the Northern District of Alabama, the Southern District of Alabama, the Middle District of Florida, the Northern District of Florida, the Southern District of Florida, the Western District of Louisiana, the Southern District of Mississippi, the District of South Carolina, or the Southern District of Texas. In addition, a small number of other plaintiffs variously argue in favor of other approaches: that the Panel centralize the docket in the Eastern District of Louisiana, but assign it to Judge Shira Ann Scheindlin of the Southern District of New York, who would then sit in the Eastern District of Louisiana by designation;[3] that the Panel divide the docket among three districts; or that the Panel appoint a judge from one of the Florida districts to "ride circuit" among the various involved localities.

Some responding plaintiffs, while supporting centralization generally, argue against including any of the relatively few personal injury/wrongful death actions in an MDL that might be comprised largely of putative class actions seeking recovery for property damage and other economic losses. Of the 77 constituent actions, two are wrongful death actions (Eastern District of Louisiana *Roshto* and *Jones*) and one is a personal injury action (Eastern District of Louisiana *Williams*). Plaintiffs in *Roshto* and *Williams* submitted briefs supporting inclusion of the personal injury/wrongful death actions in centralized proceedings, as did responding defendants, but plaintiff in *Jones* opposes such inclusion.

A few responding parties oppose centralization altogether. They essentially argue that the involved actions are all subject to dismissal for failure to comply with the Oil Pollution Act's (OPA) presentment requirement, *see* 33 U.S.C. § 2713; and that, in any event, because the OPA is a strict liability statute, the only issue in dispute (at least as to the BP defendants) is the amount of damages to which each claimant is entitled, which, they argue, requires an inherently individualized inquiry and is thus inappropriate for MDL treatment. These parties argue that, at the very least, the Panel should carve out the OPA claims from centralized proceedings.

The briefing and oral argument have contributed greatly to the Panel's deliberations. This is a reminder that although the Panel tries to reach its decisions in a timely fashion, it does so only after affording the parties sufficient time to present their views, both through written submissions, and, in the case of motions seeking the creation of new MDLs, through oral argument. Even in the face of catastrophic circumstances such as these, little is to be gained from hasty decision-making.

---

[2]   The Panel also received *amici curiae* responses in support of selection of the Eastern District of Louisiana from the United States of America, the State of Louisiana, and the Board of Commissioners of the Port of New Orleans.

[3]   *See* 28 U.S.C. 1407(b).

- 3 -

## II.

The actions before the Panel indisputably share factual issues concerning the cause (or causes) of the Deepwater Horizon explosion/fire and the role, if any, that each defendant played in it. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings, including rulings on class certification and other issues, and conserve the resources of the parties, their counsel, and the judiciary. Centralization may also facilitate closer coordination with Kenneth Feinberg's administration of the BP compensation fund. In all these respects, centralization will serve the convenience of the parties and witnesses and promote the more just and efficient conduct of these cases, taken as a whole.

We also conclude that it makes sense to include the personal injury/wrongful death actions in the MDL. These actions do overlap factually with the other actions in this docket, and, indeed, plaintiffs in two of the three constituent personal injury/wrongful death actions specifically argue in favor of such inclusion, as do responding defendants. While these actions will require some amount of individualized discovery, in other respects they overlap with those that pursue only economic damage claims. The transferee judge has broad discretion to employ any number of pretrial techniques – such as establishing separate discovery and/or motion tracks – to address any differences among the cases and efficiently manage the various aspects of this litigation. *See, e.g., In re Lehman Brothers Holdings, Inc., Securities & Employee Retirement Income Security Act (ERISA) Litigation*, 598 F.Supp.2d 1362, 1364 (J.P.M.L. 2009).

Similarly, we do not find any strong reasons for separate treatment of claims brought under the OPA. In our judgment, carving out the OPA claims would only complicate matters, and denying centralization altogether is not a viable option. To the extent that non-compliance with the OPA's presentment requirement becomes an issue, failure to include OPA claims in centralized proceedings would raise the prospect of multiple inconsistent rulings on that issue. *See In re: National Arbitration Forum Antitrust Litigation*, 682 F.Supp.2d 1343, 1345 (J.P.M.L. 2010).

Finally, the limitation proceeding brought by certain Transocean entities and currently pending in the Southern District of Texas is a potential tag-along action in this docket, and will be included on a forthcoming conditional transfer order (CTO). Although our preliminary assessment is that the action should be included in the centralized proceedings, we do not prejudge the matter. Once the CTO issues, the parties are free to object to the action's transfer. *See* Rule 7.4, R.P.J.P.M.L., 199 F.R.D. at 435-36.

## III.

The parties have advanced sound reasons for a large number of possible transferee districts and judges. Upon careful consideration, however, we have settled upon the Eastern District of Louisiana as the most appropriate district for this litigation. Without discounting the spill's effects on other states, if there is a geographic and psychological "center of gravity" in this docket, then the Eastern District of Louisiana is closest to it. Considering all of the applicable factors, we have asked Judge Carl J. Barbier to serve as transferee judge. He has had a distinguished career as an attorney

- 4 -

and now as a jurist. Moreover, during his twelve years on the bench, Judge Barbier has gained considerable MDL experience, and has been already actively managing dozens of cases in this docket. We have every confidence that he is well prepared to handle a litigation of this magnitude.

Some parties have expressed concern that recusals among Eastern District of Louisiana judges unduly limit our choices, and that even Judge Barbier may be subject to recusal. Notwithstanding these concerns, the Panel is quite comfortable with its choice. Judge Barbier is an exceptional jurist, who would be a wise selection for this assignment even had those other judges in the district been available. Moreover, the Fifth Circuit recently denied the petition of certain defendants for a writ of mandamus directing Judge Barbier to recuse himself.[4]

Other parties have made the related suggestion that certain suggested transferee districts (including the Eastern District of Louisiana and the Southern District of Texas) might not present a level playing field for all parties and that we should search elsewhere for a "neutral" judge. With all due respect, we disagree with the premise of this argument. When federal judges assume the bench, all take an oath to administer justice in a fair and impartial manner to all parties equally. *See* 28 U.S.C. § 453. That oath applies just as much to a multidistrict litigation involving hundreds (or thousands) of actions and scores of parties as it does to a single civil action between one plaintiff and one defendant. Our experience is that transferee judges impartially carry out their duties and make tough decisions time and time again, and that they uniformly do so without engaging in any location-specific favoritism.

In selecting Judge Barbier, we also decline the suggestion that, given the litigation's scope and complexity, we should assign the docket to multiple transferee judges. Our experience teaches that most, if not all, multidistrict proceedings do not require the oversight of more than one able and energetic jurist, provided that he or she has the time and resources to handle the assignment. Moreover, Judge Barbier has at his disposal all the many assets of the Eastern District of Louisiana, which include magistrate judges and a clerk's office accustomed to handling large MDLs. Judge Barbier may also choose to employ special masters and other case administration tools to facilitate certain aspects of the litigation. *See* Manual for Complex Litigation, Fourth §§ 11.52, 11.53 (2004).

---

[4] The Panel, of course, has no authority to determine whether a particular judge should recuse himself or herself from presiding over a particular MDL.

- 5 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Eastern District of Louisiana are transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Carl J. Barbier for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Robert L. Miller, Jr.        Kathryn H. Vratil
David R. Hansen            W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.*       Barbara S. Jones

IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON"
IN THE GULF OF MEXICO, ON APRIL 20, 2010   MDL No. 2179

## SCHEDULE A

    <u>Northern District of Alabama</u>

Ben Chenault, etc. v. Transocean, Ltd., et al., C.A. No. 2:10-1139

    <u>Southern District of Alabama</u>

James F. Mason, Jr., etc. v. Transocean, Ltd., et al., C.A. No. 1:10-191
Peter Burke v. BP Corporation of North of America, Inc., et al., C.A. No. 1:10-195
Shannon Trahan v. BP, PLC, et al., C.A. No. 1:10-198
Jud Smith, et al. v. BP, PLC, et al., C.A. No. 1:10-200
Billy Wilkerson, et al. v. Transocean Holdings, Inc., et al., C.A. No. 1:10-201
Fishtrap Charters, LLC, et al. v. Transocean Holdings, Inc., et al., C.A. No. 1:10-202
Fort Morgan Sales, Rentals & Development, Inc., et al. v. Transocean
    Holdings, Inc., et al., C.A. No. 1:10-203
Bon Secour Fisheries, Inc., et al. v. BP, PLC, et al., C.A. No. 1:10-206
George C. Simpson v. Transocean, Ltd., et al., C.A. No. 1:10-210
Gulf Shores West Beach Investments, LLC v. Transocean Holdings, Inc., et al.,
    C.A. No. 1:10-213
Billy's Seafood, Inc. v. Transocean Holdings, Inc., et al., C.A. No. 1:10-215
David Meyer, et al. v. BP America, et al., C.A. No. 1:10-216
Orange Beach Marina, Inc., et al. v. Transocean Holdings, Inc., et al., C.A. No. 1:10-217
Robert V. Pendarvis, et al. v. BP, PLC, et al., C.A. No. 1:10-218
Fran Hopkins, et al. v. Transocean, Ltd., et al., C.A. No. 1:10-221
Steven Lavigne, et al. v. British Petroleum, PLC, et al., C.A. No. 1:10-222
Original Oyster House, Inc., et al. v. Transocean Holdings, Inc., et al., C.A. No. 1:10-223
Blue Water Yacht Sales & Services, Inc., et al. v. Transocean Holdings, Inc., et al.,
    C.A. No. 1:10-224
Marine Horizons, Inc., et al. v. BP, PLC, et al., C.A. No. 1:10-227
George Jett v. BP, PLC, et al., C.A. No. 1:10-228
Captain Edward Lockridge v. BP, PLC, et al., C.A. No. 1:10-233
Terry Drawdy, et al. v. Transocean, Ltd., et al., C.A. No. 1:10-235
Sea Eagle Fisheries, Inc., et al. v. BP, PLC, et al., C.A. No. 1:10-238

- A2 -

**MDL No. 2179 Schedule A (Continued)**

    Northern District of Florida

John T. Harris v. Transocean, Ltd., et al., C.A. No. 3:10-129
Ocean Reef Realty, Inc. v. Transocean Holdings, Inc., et al., C.A. No. 3:10-132
Michael Salley v. Transocean Holdings, Inc., et al., C.A. No. 3:10-133
Nicholas Harris, et al. v. Transocean, Ltd., et al., C.A. No. 3:10-134
Charles Douglass, et al. v. Transocean Holdings, Inc., et al., C.A. No. 3:10-136
Joe Patti Seafood Co., et al. v. Transocean, Ltd., et al., C.A. No. 3:10-137
Dewey Destin, et al. v. BP, PLC, et al., C.A. No. 3:10-141
Stacey P. Walsh v. British Petroleum, PLC, et al., C.A. No. 3:10-143
George Weems Ward, et al. v. BP, PLC, et al., C.A. No. 4:10-157
Water Street Seafood, Inc., et al. v. BP Products North America Inc., et al.,
    C.A. No. 4:10-162

    Eastern District of Louisiana

Shane Roshto, et al. v. Transocean, Ltd., et al., C.A. No. 2:10-1156
Michelle Jones, etc. v. Transocean, Ltd., et al., C.A. No. 2:10-1196
Troy Wetzel, et al. v. Transocean, Ltd., et al., C.A. No. 2:10-1222
Acy J. Cooper, Jr., et al. v. BP, PLC, et al., C.A. No. 2:10-1229
Michael Williams v. Transocean, Ltd, et al., C.A. No. 2:10-1243
Darleen Jacobs Levy v. Transocean, Ltd., et al., C.A. No. 2:10-1245
James J. Friloux, et al. v. BP, PLC, et al., C.A. No. 2:10-1246
Ben Robin, et al. v. BP, PLC, et al., C.A. No. 2:10-1248
Michael Ivic, et al. v. BP, PLC, et al., C.A. No. 2:10-1249
Felix Alexie, Jr. v. BP, PLC, et al., C.A. No. 2:10-1250
Ray Vath, et al. v. BP, PLC, et al., C.A. No. 2:10-1273
Charles Robin, III, et al. v. BP, PLC, et al., C.A. No. 2:10-1295
Bill's Oyster House, LLC, et al. v. BP, PLC, et al., C.A. No. 2:10-1308
Nova Affiliated, S.A. v. BP, PLC, et al., C.A. No. 2:10-1313
Robin Seafood Co., Inc., et al. v. BP, PLC, et al., C.A. No. 2:10-1314
Bryan C. Carrone, et al. v. BP Products North America, Inc., et al., C.A. No. 2:10-1315
George Barisich, et al. v. BP, PLC, et al., C.A. No. 2:10-1316
Eugene B. Dugas, et al. v. BP, PLC, et al., C.A. No. 2:10-1322
George Barisich, et al. v. BP, PLC, et al., C.A. No. 2:10-1324
Brent J. Rodrigue, Sr., et al. v. BP, PLC, et al., C.A. No. 2:10-1325
T&D Fishery, LLC, et al. v. BP, PLC, et al., C.A. No. 2:10-1332
Fish Commander, LLC v. BP, PLC, et al., C.A. No. 2:10-1339
Cajun Offshore Charters, LLC v. BP, PLC, et al., C.A. No. 2:10-1341
Gulf Crown Seafood, Inc. v. BP, PLC, et al., C.A. No. 2:10-1344
Joseph Kunstler, et al. v. Transocean, Ltd., et al., C.A. No. 2:10-1345

- A3 -

**MDL No. 2179 Schedule A (Continued)**

<u>Eastern District of Louisiana</u> (Continued)

Isadore Crepple v. BP, PLC, et al., C.A. No. 2:10-1346
Eric Dumas, etc. v. BP, PLC, et al., C.A. No. 2:10-1348
William D. Gregoire, et al. v. Transocean, Ltd., et al., C.A. No. 2:10-1351
Robroy J. Terrebonne v. BP, PLC, et al., C.A. No. 2:10-1352
Curtis Silver, et al. v. BP, PLC, et al., C.A. No. 2:10-1387
Tom Garner v. BP, PLC, et al., C.A. No. 2:10-1482

<u>Western District of Louisiana</u>

Matthews Gaskins, Jr. v. BP, PLC, et al., C.A. No. 2:10-738
Ellis Schouest, III, et al. v. BP Products North America, Inc., et al., C.A. No. 6:10-727

<u>Southern District of Mississippi</u>

Paul Hopper, et al. v. Cameron International Corp., et al., C.A. No. 1:10-173
Cajun Maid, LLC, et al. v. BP, PLC, et al., C.A. No. 1:10-176
Hiep Trieu, et al. v. BP Exploration & Production, Inc., et al., C.A. No. 1:10-177
Michael D. Sevel, et al. v. BP, PLC, et al., C.A. No. 1:10-179
Jessica Staley v. Cameron International Corp., et al., C.A. No. 1:10-181
Ronnie Daniels v. Cameron International Corp., et al., C.A. No. 1:10-182
Stacey Van Duyn, et al. v. Cameron International Corp., et al., C.A. No. 1:10-183
Aleen Grieshaber, et al., v. BP Products North America, Inc., et al., C.A. No. 1:10-185

<u>Southern District of Texas</u>

Ben Nelson, et al. v. Transocean, Ltd., et al., C.A. No. 3:10-172
National Vietnamese American Fisherman Emergency Association, et al. v.
    BP, PLC, et al., C.A. No. 4:10-1607